UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x

GALVIN DUDLEY,

                    Plaintiff,

            -against-

Police Officer JASON REYNOLDS, Shield No. 15113; Police Officer NEVILLE SMITH, Shield No. 10896; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                    Defendants.

---------------------------------------------------------------- x

**COMPLAINT**

Jury Trial Demanded

## NATURE OF THE ACTION

1.      This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

3.      The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5.      Plaintiff demands a trial by jury in this action.

## PARTIES

6.      Plaintiff Galvin Dudley ("plaintiff" or "Mr. Dudley") is a resident of Kings County in the City and State of New York.

7.      Defendant Police Officer Jason Reynolds, Shield No. 15113 ("Reynolds"), at all times relevant herein surrounding the arrest on or about August 3, 2012, was an officer, employee and agent of the NYPD.  Defendant Reynolds is sued in his individual and official capacities.

8.      Defendant Police Officer Neville Smith, Shield No. 10896 ("Smith"), at all times relevant herein surrounding the arrest on or about October 6, 2012, was an officer, employee and agent of the NYPD.  Defendant Smith is sued in his individual and official capacities.

9.      At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD.  Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

10.      At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD.  Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

11.     At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

*August 3, 2012 Arrest*

12.     At approximately 12:00 a.m. on August 3, 2012, plaintiff was lawfully a back-seat passenger in his vehicle in the vicinity of 1310 Surf Avenue in the Coney Island neighborhood of Brooklyn, New York.

13.     Without probable cause or reasonable suspicion to do so, defendants demanded that the driver pull the vehicle over.

14.     Defendants ordered everyone out of the car and thoroughly searched the vehicle, notwithstanding that plaintiff had not given defendants permission to conduct their unlawful search of his vehicle.

15.     Defendants searched plaintiff.

16.     Plaintiff was not found in possession of anything illegal.

17.     Plaintiff was handcuffed and taken to the 60th Precinct.

18.     Plaintiff repeatedly requested medical treatment or to be taken to the hospital as he as psychiatric conditions, including anxiety and claustrophobia, which require medication and, would be exacerbated by the stressful situation of being unlawfully handcuffed, arrested and confined.

19.     Defendants refused to provide plaintiff with any medical treatment.

20.    At the precinct the officers falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiff in criminal possession of a controlled substance.

21.    At no point did the officers observe plaintiff in criminal possession of a controlled substance.

22.    Plaintiff remained at the 60th Precinct for approximately nine hours before being issued a Desk Appearance Ticket.

23.    After appearing in criminal court, the false charges against plaintiff were dismissed in their entirety on or about November 7, 2012.

*October 6, 2012 Arrest*

24.    At approximately 1:00 a.m. on or about October 6, 2012, Mr. Dudley was operating his vehicle, stopped at a red light, in the vicinity of Blake Avenue and Fountain Avenue, in Brooklyn, New York, when defendants violently attacked him.

25.    Without provocation, defendants assaulted plaintiff and pulled him out of his car, threw him against it, searched him and handcuffed him.

26.    No contraband was recovered from plaintiff.

27.    A police van arrived and plaintiff was violently put into the back of the vehicle.

28.    Mr. Dudley asked why he was being arrested, to which an officer, who, upon information and belief, was of Asian decent, yelled at plaintiff, in sum, "shut the

4

fuck up."

29.    Plaintiff again asked why he was being arrested, to which the same officer approached the van and, with a closed-fist, punched plaintiff in his stomach while he sat in the van with his hands cuffed behind his back.

30.    Plaintiff was taken to the 75th Precinct.

31.    Plaintiff repeatedly requested medical treatment while he was detained for approximately eighteen hours, but was denied any treatment.

32.    Plaintiff suffered damage as a result of defendants' actions during the course of both abovementioned incidents.   Plaintiff suffered emotional distress, mental anguish, fear, severe pain and significant bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
### Unlawful Stop and Search

33.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

34.    Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

35.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
### False Arrest

36.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

37.     Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

38.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Malicious Prosecution

39.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

40.     By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

41.     Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights.  The prosecution by defendants of plaintiff constituted malicious prosecution in that there was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

42.    As a direct and proximate result of defendants' unlawful actions, plaintiffs have suffered, and will continue to suffer, damages, including physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## FOURTH CLAIM
### Unreasonable Force

43.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

44.    The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

45.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Denial Of Constitutional Right To Fair Trial

46.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

47.    The individual defendants created false evidence against plaintiff.

48.    The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

49.    In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's constitutional

right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

50.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### Deliberate Indifference to Medical Needs

51.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

52.    The individual defendants were aware of a risk to plaintiff's safety and a need for medical care and failed to act in deliberate indifference to plaintiff's needs.

53.    Accordingly, defendants violated the Fourteenth amendment because they acted with deliberate indifference to plaintiff's medical needs and safety.

54.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CLAIM
### Failure to Intervene

55.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

56.    Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to

intervene.

57.    Accordingly, the defendants who failed to intervene violated the Fourth, Fifth and Fourteenth Amendments.

58.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.


DATED:     November 8, 2012
           New York, New York

                        HARVIS WRIGHT
                        SALEEM & FETT LLP


                        _____
                        Baree N. Fett
                        305 Broadway, 14th Floor
                        New York, New York 10007
                        (212) 323-6880
                        bfett@hwsflegal.com

                        *Attorney for plaintiff*